UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| THOMAS JOHNSON, | ) |
| Plaintiff, | ) Case No. |
| vs. | ) |
| JAMES A. McQUAGGE and CRETE CARRIER CORPORATION, | ) Massac County Circuit Court ) Case No. 2020L2 |
| | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

### NOTICE OF REMOVAL

Defendant Crete Carrier Corporation, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice for the Removal of the above entitled action to the United States District Court for the Southern District of Illinois, Benton Division, and for grounds therefore respectfully states:

**A.   Venue is Proper in the United States District Court for the Southern District of Illinois, Benton Division.**

1. The above-entitled action, now pending in the Massac County, Illinois Circuit Court, is a civil action at law brought by Plaintiff, above-named, against Defendants to recover damages.

2. The incident alleged by Plaintiff has arisen within the jurisdiction or boundaries of the United States District Court, Southern District of Illinois, Benton Division.

3. Pursuant to 28 U.S.C. §1446(a), venue lies in the United States District Court for the Southern District of Illinois, Benton Division, because Massac County, Illinois is within the Southern District of Illinois, Benton Division.

**B.     The Procedural Requirements for Removal are Satisfied.**

4.      The Complaint, which is attached hereto as part of **Exhibit 1**, was served upon Defendant Crete Carrier Corporation on May 6, 2020 and, therefore, the time for filing this Notice of Removal under 28 U.S.C. § 1446 has not yet expired.

5.      Written notice of the filing of this Notice of Removal is being given to Plaintiff and a copy of this Notice of Removal is being filed with the Massac County Clerk of Court pursuant to 28 U.S.C. § 1446(d).

6.      A copy of all known process, pleadings and orders from the state case are attached collectively hereto as **Exhibit 1** in accordance with 28 U.S.C. § 1446(a).

**C.     There is Diversity Amongst the Parties.**

7.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a) and removal to this Court is proper pursuant to 28 U.S.C. §1441(b)(2) because none of the Defendants are a citizen of this State, and there is complete diversity of citizenship between all parties.

8.      Upon information and belief, Plaintiff Thomas Johnson was at the time of the commencement of this action, and has been ever since, a citizen and resident of Tennessee.

9.      Upon information and belief, Defendant James McQuagge was at the time of the commencement of this action, and has been ever since, a citizen and resident of Texas.

10.     Defendant Crete Carrier Corporation is a corporation organized and existing under the laws of the State of Nebraska, with its principal place of business in Lincoln, Nebraska. Therefore, Defendant Crete Carrier Corporation is a citizen and/or resident of the State of Nebraska.

**D.      The Amount in Controversy Exceeds $75,000.**

11.     The matter and amount in controversy in this action, exclusive of interest and costs, exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00) as required by 28 U.S.C. § 1332(a).

12.     "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332 (a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, *except that* – (A) the notice of removal may assert the amount in controversy if the initial pleading seeks – (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. §1446(c)(2)(A)(ii).

13.     In Illinois, a prayer for relief in an action for injury to the person shall not plead ad damnum "except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed." 735 ILCS 5/2-604.

14.     Plaintiff alleges in his Complaint that he was caused to sustain injuries and damages in excess of $50,000. See **Exhibit 1**.

15.     "A removing party need not show that the plaintiff will prevail or collect more than $75,000 if he does. The burden, rather, is to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *See e.g. Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006).

16.     Further, Plaintiff here alleges that he suffered injuries in an automobile accident after being hit by a tractor-trailer, causing personal injuries. Specifically, Plaintiff has alleged that, as a result of the accident, he "sustained severe and permanent injuries both internally and

externally, on numerous parts of his body and nervous system were injured and their functions impaired and mental anguish; and he has in the past and will in the future continue to suffer great pain and anguish; he has expended and will be compelled to expend large sums of money for certain doctor, hospital, medical, and pharmaceutical expenses for the treatment of said injuries and will be compelled to expend large sums of money in the future for the treatment of his injuries; and he has lost and will in the future lose wages from his gainful employment and he has been damaged in his future earning capacity." See **Exhibit 1.**

### E.     Consent of Served Defendants

17.     Defendant has no knowledge or notice that Defendant James McQuagge has been served with process in this case at the time of this Notice of Removal. *See* Massac County Docket Sheet, attached hereto as **Exhibit 2**.

18.     28 U.S.C. §1146(b)(2)(A) provides: "When a civil action is removed solely under section 1441(a), all defendants who have been properly **joined and served** must join in or consent to the removal of the action." (emphasis added).

19.     Because Defendant has no knowledge or information that Defendant James McQuagge has been served with process in this case, Defendant James McQuagge need not consent to this removal at this time.

**WHEREFORE**, Defendant Crete Carrier Corporation prays that this Honorable Court enter an Order causing said Cause No. 2020L2 of the Massac County, Illinois Circuit Court to be removed to this Court for further proceedings, and that this Court take jurisdiction herein, and make further orders as may be just and proper.

       /s/ Kevin L. Fritz
Kevin L. Fritz            #6295633
Alexandra C. Wells        #6330728
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, MO  63101
(314) 621-2939 (Telephone)
(314) 621-6844 (FAX)
klfritz@lashlybaer.com
awells@lashlybaer.com

Attorneys for Defendant Crete Carrier Corporation

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed electronically with the Clerk of Court on May 27, 2020, to be served by operation of the Court's electronic filing system upon: Micah S. Summers, Walton Telken, LLC, 241 North Main Street, Edwardsville, IL 62025, msummers@waltontelken.com, Attorneys for Plaintiff.

       /s/ Kevin L. Fritz